UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LARRY W. SCOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:16-cv-0018-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MARY HAMMONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Larry W. Scott, Jr. is a prisoner formerly confined at the Knox County Detention Center ("KCDC") in Barbourville, Kentucky. Proceeding without an attorney, Scott has filed a civil rights complaint pursuant 42 U.S.C. § 1983. [R. 1.] The Court has granted his motion to proceed *in forma pauperis* by prior Order. [R. 13.]

The Court must conduct a preliminary review of Scott's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Scott's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

To provide a background to place the allegations of Scott's complaint in context, on September 23, 2011, a grand jury in Knox County, Kentucky issued an indictment charging Scott with failing to comply with sex offender registration requirements in violation of Ky. Rev. Stat.

17.510(11) and with being a persistent felony offender in violation of Ky. Rev. Stat. 532.080(3). In December 2011, the charges were dismissed without prejudice for want of prosecution although a warrant for Scott's arrest remained outstanding. The warrant was executed on September 5, 2015, and the case was returned to the active docket. Scott was arraigned on the state charges and the prosecution resumed; however, the case was dismissed on April 11, 2016. *Commonwealth v. Scott*, No. 11-CR-00175 (Knox Cir. Ct. 2011). [*See* R. 1-1 at 1-2.]

In his complaint, Scott indicates that on September 5, 2015, he was arrested at a hospital in Barbourville, Kentucky while awaiting treatment for a "venereal discharge." Scott alleges that he was never provided with treatment for this condition, or for "delerium tremors," at any time after his arrest. [R. 1 at 5-7.] However, Scott does not attribute that failure to any named defendant.

Scott further claims that Officer Steve Owens and an unnamed officer of the United States Marshals Service ("USMS") conspired to falsify evidence with the intent to deprive him of his freedom, when they submitted documents which indicated that Scott violated Ky. Rev. Stat. 17.510(11) by failing to comply with Kentucky's sex offender registration requirements. [R. 1-1 at 3-6.] Scott states that the defendants could have ascertained his current address by checking a website maintained by South Carolina authorities or by contacting Kentucky's Department of Probation and Parole, and that he complied at all times with South Carolina and Kentucky sex offender registration requirements. [R. 1 at 9-13.]

Scott separately contends that at his arraignment on September 25, 2015, he advised Judge G. Lay of the Knox Circuit Court and Commonwealth's Attorney Jackie Steele that in August 2011 his whereabouts were known to South Carolina authorities, the Social Security Administration, and the Federal Bureau of Investigation, and that he had been attacked at

2

KCDC. Scott alleges that Judge Lay and prosecutor Steele continued to prosecute him on the 2011 charges and disregarded his comments. [R. 1 at 15-21, 25.]

Scott further states that on September 17, 2015, he was "attacked from behind" at KCDC by Officer Steven Mills, and was then not provided medical care for his injuries. [R. 1 at 23.] Scott also alleges that he was transferred to the Clay County Detention Center on September 25, 2015, where he was promptly attacked by several inmates at the jail, and he suffered severe injuries as a result. Scott asserts that the light fixtures in the area were "faulty," and that guards at the jail could and should have seen the attack and heard him yell for help through surveillance cameras, but that no one came to his aid. Scott contends that the Clay County Detention Center and Jailer are legally responsible for his injuries [R. 1 at 27-37], but he named neither of them as defendants in this action.

Scott alleges that after he was treated at the University of Kentucky hospital for his injuries, he was transferred back to KCDC, but once there his medications were immediately discontinued and he was not transported to follow-up appointments at the hospital. [R. 1 at 37-39.] He further states that after he fell down the steps in the recreation area on October 16, 2015, no medical treatment was provided beyond a brief examination of his ankle. Scott states that he was placed in a medical cell, where he was given one mattress to sleep on the floor. Scott alleges that he developed multiple knots in his back and high blood pressure, but that Nurse Dunn told him that it was because he was sleeping on the floor. [R. 1 at 41-45.]

Scott named as defendants in this action Mary Hammons, Linda Smallwood, Commonwealth Attorney Jackie Steele, Officer Steven Mills, Knox County Circuit Court Judge G. Lay, Nurse Dunn, United States Marshal Greg Bobblitt, and Officer Steve Owen. [R. 1 at 1.] Scott seeks substantial compensatory damages from each of the named defendants. [R. 1 at 54.]

As a preliminary matter, the Court notes that Scott's numerous claims arise from different events occurring at different times and places and as a result of conduct by different defendants. It is therefore plain that the claims Scott asserts against the various defendants are not properly joined in a single action under Federal Rule of Civil Procedure 20(a)(2)(A), (B). Nonetheless, because Scott is proceeding *pro se* and because such claims could, if dismissed or severed from this action pursuant to Rule 21, be barred by the applicable statute of limitations, the Court will permit these claims to proceed together in this action.

First, the Court must summarily dismiss Mary Hammons and Linda Smallwood as defendants in this action. While Scott named them as defendants in the caption of his complaint, he makes neither any reference to nor allegations against either of them in the body of the complaint. While the Court accepts as true all 'well-pleaded facts' in the complaint, *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014), it must still contain allegations against a defendant with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). Where a complaint fails to allege facts sufficient to state a facially-plausible claim, it must undoubtedly be dismissed. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). The Court will therefore dismiss these defendants from this action.

Second, the claims against Officer Steve Owens and United States Marshal Greg Bobblitt must be dismissed. Although Scott does not expressly identify Bobblitt in his complaint as the U.S. Marshal who assisted Officer Mills in filing allegedly "falsified" documents regarding his compliance with Kentucky's sex offender registration requirements [R. 1 at 9], at least an attachment to Scott's complaint so suggests. [*See* R. 1-1 at 5.]

Scott's assertion that these documents were "falsified" is predicated upon his belief that the officers could and should have determined that he was in compliance with the sex offender registration requirements by checking with other law enforcement agencies. [R. 1 at 11-17.] This claim fails as a matter of law because it complains in essence not that the officers actually falsified documents, but that the officers were negligent in the performance of their duties, thus causing the documents to contain incorrect information. But a citizen's federal civil rights cannot be violated by accident: the Constitution forbids certain actions by government officials if taken intentionally, whereas negligent or even grossly negligent conduct by government officials will not violate constitutional rights. Cf. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Range v. Douglas*, 763 F. 3d 573, 590 (6th Cir. 2014) ("Merely negligent tortious conduct is categorically beneath constitutional due process"). Because Scott complains only that the officers could have done more to determine his compliance, his claim that they negligently performed their investigation fails to state a claim of constitutional dimension, and will be dismissed.

In addition, police officers who participate in a criminal prosecution are entitled to absolute immunity from civil rights claims asserted by the accused complaining that the evidence presented was incomplete or false, cf. *Briscoe v. LaHue*, 460 U.S. 325, 329-36 (1983), whether given in the form of affidavits used to secure an arrest or search warrant, or through live trial testimony, *Rehberg v. Paulk*, __U.S. __, 132 S. Ct. 1497, 1505-09 (2012) ("It would thus be anomalous to permit a police officer who testifies before a grand jury to be sued for maliciously procuring an unjust prosecution when it is the prosecutor, who is shielded by absolute immunity,

5

who is actually responsible for the decision to prosecute."); see also *Williams v. City of Boston*, 974 F. Supp. 2d 13, 15-17 (D. Mass. 2013).

Third, Commonwealth's Attorney Jackie Steele and Knox County Circuit Court Judge G. Lay are likewise entitled to immunity with respect to Scott's claims against them. Scott complains that the judge and prosecutor did not immediately drop the charges against him when he advised them, orally at his arraignment on September 25, 2015, that in 2011 he was living in South Carolina and was providing cooperation with the United States Attorneys Office in the area. [R. 1 at 25-27.] But judges have long been entitled to absolute judicial immunity from tort claims arising out of their performance of functions integral to the judicial process. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Prosecutors are similarly entitled to absolute quasi-judicial immunity for their activities intimately associated with the judicial process, and the decision whether to press or continue to prosecute criminal charges falls squarely within such confines. *Imbler v. Pachtman*, 424 U.S. 409, 425-31 (1976). The conduct about which Scott complains is clearly within the judge's and prosecutor's exercise of their respective functions during the prosecution. See *Huffer v. Bogen*, 503 F. App'x 455, 459-60 (6th Cir. 2012); *Howell v. Sanders*, 668 F. 3d 344, 349-52 (6th Cir. 2012). Each is therefore entitled to absolute immunity against Scott's claims, which will be dismissed with prejudice.

Scott's allegations against Nurse Dunn present a closer question. Read narrowly, he alleges only that Nurse Dunn told him that the knots in his back and his high blood pressure were the consequence of sleeping on a mattress on the floor. [R. 1 at 45.] Certainly nothing in that allegation states a viable constitutional claim; if anything, the nurse's statement seems sympathetic to Scott's plight. But Scott also alleges that he was denied meaningful medical care after this fall down the stairs. And while he does not expressly allege that Nurse Dunn had any

control over that outcome, or that he or she was responsible for his sleeping conditions, such claims could be inferred from Scott's complaint. While other portions of Scott's complaint suggest that it is highly doubtful that he exhausted his administrative remedies with respect to his claims, out of an abundance of caution the Court will order service of the complaint upon Nurse Dunn for response. The Court will take the same approach with respect to Scott's allegation that KCDC Officer Steven Mills attacked him, a claim that, while threadbare, suggests a viable constitution claim warranting a response. Because the Court has granted Scott *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve the defendants with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

In a motion filed after his Knox County charges had been dismissed, Scott filed a motion complaining of mistreatment by staff at KCDC on April 6-7, 2016, and requesting an order requiring him to be housed at the Leslie County Detention Center and other unidentified relief. [R. 22.] However, Scott mailed the letter from Leslie County Detention Center, having apparently been already transferred there by the time he filed his motion. [R. 22-1.] The Court will therefore deny the motion as moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (claim for injunctive relief to prevent allegedly improper search of incoming mail mooted by prisoner's transfer to different prison); *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2014).

Shortly thereafter, Scott filed another motion which largely reiterates the factual allegations set forth in his complaint, and essentially requests judgment in his favor consistent with the relief sought in his complaint. [R. 25 at 15-17.] That motion will be denied with respect to the claims dismissed for the reasons set forth above, and for the claims that remain pending, the motion will be denied as premature pending further proceedings.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The claims against Defendants Mary Hammons and Linda Smallwood are **DISMISSED WITHOUT PREJUDICE**; and

2. The claims against Defendants Officer Steve Owens, United States Marshal Greg Bobblitt, Commonwealth's Attorney Jackie Steele, and Knox County Circuit Court Judge G. Lay are **DISMISSED WITH PREJUDICE**; and

3. Scott's "Motion for an Emergency Protective Order" [R. 22] is **DENIED AS MOOT**; and

4. Scott's Motion for Order [R. 25] is **DENIED**; and

5. A Deputy Clerk in the London Clerk's Office shall prepare a "Service Packet" for defendants Knox County Detention Center Officer Steven Mills and "Nurse Dunn." Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. this Order; and

    d. a completed USM Form 285.

6. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket; and

7. The USMS shall personally serve the Service Packets upon each of the Defendants by hand delivery at the Knox County Detention Center, 103 Jail Street, Barbourville, Kentucky, 40906, and file returns of service into the record; and

8. Scott must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

9. If Scott wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Scott files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 21st day of December, 2016.

*Gregory F. Van Tatenhove*
Gregory F. Van Tatenhove
United States District Judge