UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| LARRY W. SCOTT, JR., | ) |
| | ) |
| Plaintiff, | ) Civil No.: 6:16-cv-0018-GFVT-HAI |
| | ) |
| V. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| MARY HAMMONS, *et al.*, | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Steven Mills and Bonnie Dunn. [R. 54.] This matter was referred to United States Magistrate Judge Hanly A. Ingram, who filed a Recommended Disposition (also known as a "Report and Recommendation" or "R&R") recommending that Defendants' Motion for Summary Judgment be granted. [R. 60.]

The Plaintiff, Larry W. Scott, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Jailers Mary Hammons and Linda Smallwood, Officer Steve Owens, United States Marshal Greg Bobblitt, Commonwealth's Attorney Jackie Steele, Knox County Circuit Judge Gregory Lay, Deputy Jailer Steven Mills, and Nurse Bonnie Dunn. [R. 1.] This Court previously dismissed claims against all defendants except Deputy Jailer Mills and Nurse Dunn. [R. 28.] Ms. Dunn and Mr. Mills filed their Motion for Summary Judgment on July 14, 2017. [R. 54.] Subsequently, Mr. Scott filed what the Court construes as a Response to Defendants' Motion for Summary Judgment. [R. 55.] On November 29, 2017, Judge Ingram issued his R&R and directed the parties to file objections within fourteen days. [R. 60.] Mr. Scott objected;

however, his objections were not postmarked until December 19, 2017, and were not filed until December 21, 2017. [R. 61.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his right to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted since it only duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting the report and recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Mr. Scott's objections were not timely, as they were filed more than fourteen days after Judge Ingram's Recommended Disposition. Further, Mr. Scott gave no explanation as to why the filing was tardy. However, even if his objections were timely, Mr. Scott fails to raise specific objections to the Recommended Disposition. Rather than filing specific objections pointing to issues with the Magistrate's R&R, Mr. Scott merely summarizes his complaint, including claims against defendants previously dismissed, and requests leave to appeal the Recommendation. [R. 61.] These objections are not sufficiently definite to trigger the Court's obligation to conduct a

*de novo* review. *See* 28 U.S.C. § 636(b)(1)(c).

While the Court acknowledges its duty to review Mr. Scott's filings under a more lenient standard than the one applied to attorneys because he is proceeding pro se, s*ee Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985), the Court has examined the record and ultimately agrees with Judge Ingram's recommendation. For the following reasons, Mr. Scott's objections [R. 61] will be **OVERRULED**, and Judge Ingram's Recommended Disposition [R. 60] will be **ADOPTED**.

**I**

Judge Ingram set forth the factual and procedural background of the case in his Recommended Disposition. Below, the Court mentions the key facts to frame its discussion and analysis but, otherwise, incorporates Judge Ingram's discussion of the record into this Order.

Mr. Larry Scott was arrested on September 5, 2015, for failure to comply with Kentucky sex offender registration requirements, a violation of KRS § 17.510(11), as well as being a persistent felony offender, a violation of KRS § 532.080(3). [R. 1-1.] During the pendency of his case, Mr. Scott was housed at the Knox County Detention Center (KCDC). [R. 1.] His case was ultimately dismissed by the Knox County Circuit Court on April 11, 2016. [R. 28.]

During his time at KCDC, Mr. Scott alleged that Deputy Jailer Steven Mills attacked him from behind by dragging him backwards, swinging him violently "from side to side," and choking him unconscious, ultimately resulting in injuries to Mr. Scott's neck and elbow. [R. 1 at 23.] Initially, Mr. Scott claimed this attack was unprovoked. *Id.* However, he later indicated Mr. Mills had attempted to restrain him after Mr. Scott and another inmate were involved in an altercation. [R. 56 at 4; R. 49 at 6.] Mr. Mills maintains that he never assaulted Mr. Scott, but did use some force to prevent further altercation. [R. 54-8; R. 54-11.]

Additionally, Mr. Scott claims he fell down the stairs in the recreation area sometime in October 2015, resulting in injuries to his head and ankle. [R. 1 at 41.] He claims that employees examined his ankle, which was "visibly swollen." *Id.* Thereafter, he experienced seizures, and KCDC employees placed him first in a restraint chair and then a medical cell with a mattress on the floor. *Id.* at 41–45. Mr. Scott alleges that Ms. Dunn failed to provide him with adequate medical care, but the only document that indicates she was aware of Mr. Scott's fall is a grievance form filed in the record without proof it was ever submitted to KCDC.[1] [R. 9-1 at 4.]

## II

In his R&R, Judge Ingram addressed whether Mr. Scott exhausted his administrative remedies prior to bringing this federal action. [R. 60 at 6.] Under the Prison Litigation Reform Act (PLRA), Mr. Scott is prohibited from bringing an action under 42 U.S.C. § 1983, as he has attempted to do here, until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). This restriction also applies to pretrial detainees – such was Mr. Scott at the time of the alleged events. *See Arflack v. County of Henderson, Kentucky*, 412 F. App'x 829, 831–32 (6th Cir. 2011) (unpublished); *see also Ross v. Blake*, 136 S. Ct. 1850 (2016) (holding that there are no exceptions carved out of the PLRA). If a plaintiff brings a § 1983 claim regarding conditions in the prison while he is in custody, but did not exhaust all available administrative remedies, the Court must dismiss the case. *Cox v. Mayer*, 332 F.3d 422, 424 (6th Cir. 2003); *Napier v. Laurel County*, 636 F.3d 218, 221 n.1 (6th Cir. 2011).

When Mr. Scott filed this § 1983 complaint he was in custody and, therefore, was required to exhaust the administrative remedies available to him. *See* 42 U.S.C. § 1997e(a).

---

[1] In his Complaint, Mr. Scott alleges Ms. Dunn told him he had developed knots in his lower back and high blood pressure as a result of sleeping on the floor. [R. 1 at 45.] However, in the answers to interrogatories, he claims that Ms. Dunn ignored his grievances and denied him medical treatment. [R. 49 at 4–5; R. 56 at 2.]

4

Even construing his pleadings and filings liberally, Judge Ingram found no evidence suggesting Mr. Scott ever filed a grievance concerning the alleged assault by Mr. Mills on September 17, 2015. [*See* R. 60 at 8-9.] This Court also has been unsuccessful in finding documentation in the record sufficient to suggest Mr. Scott ever filed such a grievance. The Magistrate determined that Mr. Scott, having not filed a grievance of this alleged assault, could not possibly have exhausted his administrative remedies with regard to this event. [R. 60 at 10.] This Court agrees and, therefore, must dismiss the claims against Deputy Jailer Steven Mills for failure to comply with 42 U.S.C. § 1997e(a).

As to the claims against Ms. Dunn, Judge Ingram liberally construed a handwritten filing dated "10/24" as a grievance against her despite no evidence indicating Mr. Scott ever filed or submitted it to any KCDC employee. [*See* R. 60 at 9.] Regardless of the lack of proof showing submission of this grievance, the Court acknowledges the more lenient standard for litigants proceeding *pro se* and agrees with Judge Ingram that Mr. Scott's claims against Ms. Dunn survive summary judgment under 42 U.S.C. § 1997e(a). *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

However, Mr. Scott still fails to provide any existence of a genuine issue of material fact as to his claims against Ms. Dunn. The Fourteenth Amendment requires prison officials to provide humane conditions for confinement, including adequate food, clothing, and medical care, as well as taking "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To show Ms. Dunn violated his rights under the Fourteenth Amendment, Mr. Scott must prove that Ms. Dunn was deliberately indifferent to a substantial risk of serious harm to Mr. Scott. *See id.* at 828 (citing *Helling v. McKinney*, 509 U.S. 25 (1993)). This requires her to disregard a

known excessive risk regarding Mr. Scott's health and safety. *See id.* at 837.

Judge Ingram determined, and this Court agrees, that Mr. Scott could not provide evidence that Ms. Dunn was aware of any such serious medical risk because he could not show the grievance dated "10/24" was ever submitted to anyone at the jail, much less Ms. Dunn. [R. 60 at 13.] Because Mr. Scott has failed to prove the existence of a genuine issue of material fact regarding whether Ms. Dunn was aware of the risk, his claims that Ms. Dunn violated his Fourteenth Amendment rights must be denied.

Finally, because Mr. Scott has not been able to prove Ms. Dunn was aware of any serious medical risk, and because Mr. Scott is unable to prove Ms. Dunn violated any clearly established statutory or constitutional rights, Ms. Dunn is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine if qualified immunity is applicable, the court first considers whether, "taken in the light most favorable to the party asserting the injury, [] the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Next, the Court determines if that right was "clearly established." *Id.* Because this Court has already determined that Ms. Dunn did not violate Mr. Scott's constitutional rights, Mr. Scott fails under the first prong of *Saucier*.

## III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's thorough analysis of Mr. Scott's claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Larry W. Scott, Jr.'s Objections to the Magistrate Judge's Recommended Disposition [**R. 61**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 60**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendants' Motion for Summary Judgment [**R. 54**] is **GRANTED**;

4. Plaintiff's Motion [**R. 55**] is **DENIED** for failure to specify the relief requested, as required by Local Rule 7.1(a); and

5. **JUDGMENT** in favor of the Defendants Mills and Dunn will be entered contemporaneously herewith.

This the 16th day of February, 2018.

Gregory F. Van Tatenhove
United States District Judge